AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>KIMBLE TAVARIS DAVIS, and<br>TANARIOUS KEON DAVIS<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  15-8652-JMH<br>)<br>)<br>) |

FILED BY _____ D.C.
DEC 1 6 2015
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of   9/15/2011 - 7/23/2015   in the county of   PALM BEACH   in the
  SOUTHERN   District of   FLORIDA  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC Secs. 841(a)(1), 841(b)(1)(C) and (b)(1)(D); and,<br>18 USC Secs. 924(c)(1)(A); and, | Possession With Intent to Distribute a Controlled Substances (both defendants); and,<br>Carrying a Firearm in Connection With Drug Trafficking Activity and Possession of a Firearm in Furtherance of Drug Trafficking Activity (both defendants); and |
| 18 USC Secs. 922(g)(1), 924(a)(2). | Possession of a Firearm and Ammunition by a Convicted Felon (TANARIOUS KEON DAVIS only); |

This criminal complaint is based on these facts:

PLEASE SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Vincent L. Holmes, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   12/16/2015

_____
*Judge's signature*

City and state:   West Palm Beach, Florida      Hon. James M. Hopkins, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT**
**Case No. 15-8652-JMH**

Your affiant, Vincent L. Holmes, being duly sworn, does hereby depose and state as follows:

**Introduction**

1. Your affiant is currently employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and has been employed in that capacity for approximately the preceding 16 years. Prior to my employment with ATF, your affiant was employed as a sworn law enforcement Official for two (2) years as a special agent with the Florida Department of Law Enforcement, three and a half years as a special agent with the State Division of Alcoholic Beverages and Tobacco, and four (4) and a half years as an officer and investigator with the Florida A & M University Police Department. During my tenure with ATF, I have received specialized training regarding the investigation and enforcement of Federal firearms violations and have conducted over 25 investigations concerning individuals involved in illegal firearms activities, including the illegal possession of firearms by convicted felons and drug traffickers.

2. This affidavit is offered in support of a criminal complaint and arrest warrant for **Kimble Tavaris DAVIS** (YOB: 1987) and **Tanarious Keon DAVIS** (YOB: 1989), who on July 23, 2015, committed the Federal criminal violation of Use of a Firearm in Furtherance of Drug Trafficking, in violation of Title 18, United States Code, Section 924(c). Additionally, on this same date Tanarious DAVIS, as a 4-time convicted felon, did also commit the Federal criminal violation of Possession of a Firearm by a Prohibited Person – Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1). Kimble DAVIS committed a second violation

of 18 USC § 924(c) on January 7, 2015. Tanarious DAVIS committed a second violation of 18 USC § 924(c) on September 15, 2011.

3.   This affidavit is based on my own personal knowledge, as well as upon interviews and information received from other law enforcement officers with personal knowledge of the events described below, to specifically include information from West Palm Beach Police Department Agent Casey Goetz (hereinafter Agent Goetz). Agent Goetz has been a police officer with the City of West Palm Beach since June 2007. During the time from 2007 and 2012, Agent Goetz served as a road patrol officer in the City of West Palm Beach Police Department. During his tenure in patrol Agent Goetz made over 50 arrests for the possession, and sale of illegal narcotics. In August of 2010, Agent Goetz was assigned to the West Palm Beach Police Department's SWAT Team. Since that time, Agent Goetz has executed over 100 drug related search warrants. Agent Goetz is currently assigned to the West Palm Beach Police Department's Quick Response Team. Agent Goetz successfully completed the Criminal Justice Basic Police Academy in 2007 and is certified by the Criminal Justice Standards and Training Commission as a Law Enforcement Officer. Agent Goetz has attended the Advanced Street Level Narcotics and Vice Training, Narcotics and Dangerous Drugs Investigations and Criminal Street Gangs, and Firearms Identification, Organized Crime, Undercover Surveillance, and Undercover Officer techniques, and Clandestine Labs. As a consequence of the foregoing training and experience, Agent Goetz has become familiar with the packaging, distribution techniques, and street terminology associated with controlled substances, as well as the habits of street level drug dealers. Agent Goetz has conducted over 100 investigations concerning individuals involved in narcotic sales, trafficking, and distribution. Since this affidavit is being submitted for the limited purpose of establishing probable cause to charge Kimble DAVIS and Tanarious DAVIS, with

2

violations of Title 18, United States Code, Sections 922(g)(1)(as to Tanarious DAVIS) and 924(c), and Title 21, United States Code, Section 841(a)(1), this affidavit does not purport to include all facts known to me concerning this investigation, but rather, those facts that I believe are necessary to establish probable cause.

## Probable Cause

4. On July 23, 2015 at approximately 11:00 a.m. two West Palm Beach Police Department (WPBPD) agents were conducting surveillance of the Palm Grove Apartments at 2100 N. Australian Ave. in West Palm Beach, FL. They noted two subjects arrive in a 2013 silver Dodge Dart with what appeared to be illegally tinted windows at which point the driver, later identified as Kimble DAVIS (herein Kimble), walked out of sight into the apartment complex for approximately 5 minutes. Upon his return he was observed grasping a softball-sized crumpled gold and black plastic bag in his right hand. The vehicle exited the parking lot and drove north on N. Australian Ave. with Kimble driving and a subject later identified as Tanarious DAVIS (cousin of Kimble DAVIS) in the front passenger seat. The agents followed immediately behind the vehicle, intending to stop the vehicle for a sunscreen (tint) violation. The vehicle failed to maintain its lane and drove in the middle of N. Australian Ave for approximately two blocks until it returned back to the left lane driving north. At the intersection of 25th St. and N. Australian Ave. the agents initiated the emergency red and blue lights.

5. The vehicle did not stop and Agent Goetz, the driver of the surveillance vehicle, was able to observe through the heavily tinted window the shape of Tanarious DAVIS's head, identifiable due his long dreadlock style hair in the passenger side of the vehicle, repeatedly turning in his seat, looking behind at the police vehicle with its flashing emergency lights. Agent

3

Goetz further observed Tanarious DAVIS's head disappear from view, which, based on his training and experience, is common under such circumstances when a person leans forward in a vehicle between his legs so as to hide or secrete something beneath the front seat. Agent Goetz observed this movement on at least two occasions after activation of the police vehicle's emergency equipment. Subsequent to the agents using the PA system and cycling repeatedly through the siren options, the vehicle finally pulled into a driveway in the 1500 block of 44th St, West Palm Beach, Florida, approximately 1.5 miles or 4 minutes away from the initial activation of the agents' emergency lights. Your affiant is aware this location is located in Palm Beach County and the Southern District of Flordia. Once the vehicle stopped, Tanarious DAVIS exited the vehicle from the front passenger side door, and attempted to walk away from the vehicle. Agent Santana directed Tanarious DAVIS to return inside the vehicle for the safety of all involved, in response to which Tanarious DAVIS started to argue with police, saying that his "people stay here, I'm just finnin to hang out." After being asked multiple times, he returned to the vehicle.

6. Upon Agent Goetz's contact with the vehicle's driver at the driver's side window, Kimble DAVIS admitted that he did not have a driver's license. While conversing with Kimble DAVIS, Agent Goetz smelled an odor, which based on his training and experience, he recognized as marijuana emanating from the interior of the vehicle, and further observed a bullet hole in the driver side rear panel of the vehicle. In response to being asked whether there were any weapons in the vehicle Kimble DAVIS advised that he had a handgun underneath him and that he had a concealed carry permit. The owner of the house, AS, exited the house and stated that he did not know the individuals and had never seen them before.

7. On the basis of the obvious odor of marijuana emanating from the vehicle being driven by an unlicensed driver, and Kimble DAVIS's statement he possessed a firearm, officers conducted a search of the passenger compartment of the aforementioned vehicle. Located on the front driver side floor boards officers discovered a silver and black Taurus PT111 Pro 9mm pistol with serial number TCV12012 and two black cell phones. Wedged between the center console and front passenger seat was the gold and black plastic bag that Kimble DAVIS was observed carrying by the officers when he entered the driver's seat in the parking lot of the Palm Grove Apartments. There were no other gold and black bags in the vehicle. The smell of marijuana was coming from the gold and plastic bag. Agent Goetz opened the bag and inside was a white plastic bag that contained the following:

- Three (3) plastic baggies containing suspect marijuana that weighed 69.4 grams total
- A plastic bag containing nine pieces of crack cocaine weighing 1.9 grams which NIK (field) tested positive for the presence of cocaine
- A plastic baggie containing 15 suspect MDMA pills weighing 4.4 grams which later tested positive for MDMA, known by the street name Ecstasy
- Eleven (11) baggies containing suspect Alpha PVP weighing 2.6 grams which later tested positive for the presence of Alpha PVP, known by the street name Flakka

All of the drugs located were packaged together and in quantities/dosages that are consistent with illegal street sales of controlled substances, based on Agent Goetz's training and experience.

8. Located under the front passenger seat where Tanarious DAVIS was observed reaching, agents discovered a two-tone black and silver Smith and Wesson SD9VE 9mm pistol bearing serial number HFC2828 loaded with a 16-round high-capacity magazine. This firearm was later determined to have been stolen.

9. The subjects were then detained for further investigation and transported to the WPBPD to be interviewed. Tanarious DAVIS had $163 on his person wrapped in a "dope role" by a band. Agent Goetz knows from training and experience that drug dealers use a "dope role" which is money broken up into denominations to make it easier to make change for the drug users. All of the windows registered on the tint meter as 10%-12%, far exceeding the legal threshold for sunscreen material under Florida law.

10. Agents further recovered a total of four cell phones from the vehicle (listed below):

- Black Samsung S5, model: SM-G900P, Serial number A3LSMG900P- located on the driver side floor
- Black LG cell phone with a blue case, serial number: 412CYVU088031-located on the front passenger seat
- Black and Grey LG cell phone with serial number: 505CYKJ283069-located on the driver side floor
- White Motorola cell phone (unreadable serial number)- located on the front passenger seat.

11. Tanarious DAVIS was charged by the WPBPD with possession of a schedule I with intent to sell, possession of a firearm by a convicted felon and possession of marijuana with intent to sell. Kimble was charged by the WPBPD with possession of a schedule I with intent to sell, possession of a firearm while committing a felony and possession of marijuana with intent to sell.

12. Post-<u>Miranda</u>, Tanarious DAVIS stated that the drugs in the car were not his and agreed to submit a buccal swab of his DNA to Agent Goetz. Tanarious DAVIS further advised that the blue and white Motorola cell phone belonged to him.

13. Post-<u>Miranda</u>, Kimble DAVIS advised that the gun on the driver side of the vehicle was his but knew nothing about the stolen gun underneath the front passenger seat. Kimble DAVIS similarly denied possession of the drugs, and agreed to submit a buccal swab of his DNA. The registered owner of the vehicle, SK, stated that the drugs and guns in the car did not belong to her, and advised she let Kimble use her car for the day. Kimble Davis advised that the black and grey LG cell phone and black LG cell phone belonged to him.

14. While Kimble and Tanarious DAVIS were detained in a holding cell together in police custody, they were recorded manifesting concern that the police had their "buddy phones." From his training and experience, Agent Goetz knows that a "buddy phone" is a cell phone that a drug dealer uses to maintain the telephone numbers of their drug buyers or clients, generally separately from their personal phone. They both appeared anxious about the fact that the phones were still on and were still ringing. Tanarious DAVIS was recorded stating, "You hear my shit ringing." At that time of the video it appeared that the white Motorola cell phone was ringing due to an incoming telephone call. In a later conversation amongst the two, Tanarious DAVIS manifested his concern that police would get into the phones, "breaking them down." Based on this information, Agent Goetz applied for, received and executed state search warrants on the four phones. Examination of the defendants' phones found numerous examples of drug trafficking activity. An example text from Tanarious DAVIS's Motorola phone (read chronologically bottom to top) references an "onion", or street terminology for an ounce of controlled substances.

| From | 7/7/2015 1:58:39 PM(UTC-4) | Read | I need half whenever u ready big bro |
|---|---|---|---|
| To | 7/7/2015 1:58:24 PM(UTC-4) | Sent | I no ok |
| From | 7/7/2015 1:57:59 PM(UTC-4) | Read | Yeah I'll just get half then I can't pay cracker prices lol |
| To | 7/7/2015 1:57:29 PM(UTC-4) | Sent | I'm bout to go get it but I'm need 250 cuz o paid 225 |
| From | 7/7/2015 1:56:05 PM(UTC-4) | Read | U got onion |

15. A video in Kimble DAVIS's Samsung Galaxy S5 phone records Kimble DAVIS, a Glock pistol in his waistband, selling Percocet to a drug user, who then consumes the pill while seated beside him. The video is entitled "20150107_111120" and bears the date January 7, 2015. Another individual seated beside Kimble states, "They know where we at. Come get us. Big stick in the cut," which your affiant is aware, based on his own training and experience, is a common street terminology for a rifle hidden nearby in a drug trafficking location for protection from rivals. Your affiant submits that the January 7, 2015, video establishes a second violation of Use of a Firearm in Furtherance of Drug Trafficking, in violation of Title 18, United States Code, Section 924(c)

16. Another video reveals Kimble DAVIS recording himself singing about "smoking kush" (a strain of marijuana), and actually smoking marijuana all while driving. Numerous photos show him either posing with the gun or carrying a gun in his waistband as well as posing with large amounts of $100 bills. Various photos show marijuana blunts or cough syrup with codeine or oxycodone pills.

17. Facebook messaging in Kimble's Samsung Galaxy S5 reveals the following dialogue between Kimble's Facebook personality of "Stevie Gunz" and a buyer, AP:
Timestamp: 5/11/2015 7:28:14 PM

8

| | |
|---|---|
| AP: | Do u have perks left |
| Kimble: | Yea 7 apiece |
| AP: | I need a few |
| Kimble: | 506 8635 |

18.     Your affiant notes that the aforementioned referral by Kimble DAVIS of the individual asking if DAVIS had any "perks left" – which your affiant is aware based on his training and experience to be a reference to the controlled substance Percodan (Oxycodone and Aspirin) -- to phone number [561] 506-8635, is a referral to the other phone number found in Kimble DAVIS's possession on July 23, 2015.  This referral of a drug-related communication to a separate phone used specifically to conduct illegal drug business activities is consistent with use of a "buddy phone" as described above.

19.     The Facebook profile photograph for "Stevie Gunz" reveals Kimble DAVIS seated with two phones on his lap and approximately $5,000 in $100 bills spread before him,

9



20.     Tanarious DAVIS's DNA evidence was submitted post-arrest to DNA Labs International in Deerfield Beach, Florida.  A written report was issued on November 5, 2015, by a DNA analyst from DNA Labs International concerning this case.  A DNA swab of the grip, trigger and slide of the stolen Smith & Wesson pistol contained evidence that matched the DNA profile of Tanarious.  The report also included a statistical analysis of Tanarious DAVIS's DNA

profile compared to the DNA found on the firearm and determined that "[t]he chance that an unrelated person, chosen at random from the general population, would match this major DNA profile is approximately 1 in every 88 billion individuals."

21. Certified records obtained from the Palm Beach County Circuit Court show that prior to July 23rd, 2015, Tanarious DAVIS was convicted of the following four (4) felony offenses which were punishable by a term of imprisonment exceeding one year under Florida law:

- Possession of Cocaine on June 4th, 2008 (case number 2008CF002975)

- Possession of a Schedule IV Substance and Possession of Cocaine on August 29, 2008 (case number 08CF008076)

- Sale of Marijuana within 1000 feet of a Place of Worship on July 22, 2009 (case number 2009CF005533), and,

- Felon in Possession of Firearm/Ammunition on June 29, 2012 (case number 2011CF010041).

22. On November 19, 2015, an ATF Interstate Commerce Nexus Expert reviewed the Smith & Wesson firearm described herein and determined that the firearm was manufactured outside of the State of Florida and thus has affected interstate commerce. Additionally, the firearm was reported stolen to the WPBPD on January 12, 2015.

23. In August 2011, WPBPD Agent G. Rideau began investigation into drug trafficking by Tanarious DAVIS. Having made two purchases of oxycodone from Tanarious through a confidential informant and watching another user purchase heroin, Agent Rideau and the WPBPD executed a search warrant on the then –residence of Tanarious DAVIS (1820 N. Congress Ave. Bldg E, Apt 301, West Palm Beach, FL) on September 15, 2011. Agents found 3 males in the south bedroom of the apartment, Tanarious DAVIS, Kimble DAVIS and KM (KM

is the same individual referenced earlier in this affidavit stating, "They know where we at. Come get us. Big stick in the cut."). Seized from this residence were two handguns, the magazine from a third handgun and two baggies containing 142 pills of 30mg oxycodone, weighing 14.1 grams. One of the handguns was found in plain view on a shelf in the closet, unsecured from the 5 small children in the home, while the other handgun was found in a locked safe alongside several letters of correspondence of Tanarious DAVIS and his social security card. A shoebox containing the oxycodone also contained the EBT card and driver's license for Tanarious DAVIS. Post-<u>Miranda</u>, Tanarious DAVIS admitted that the ammunition in the safe belonged to him, as well that he placed the correspondence and his social security card in the safe. Your affiant respectfully submits the foregoing establishes a second violation of 18 USC § 924(c), by Tanarious DAVIS on September 15, 2011.

WHEREFORE, your affiant submits that probable cause exists to charge Kimble DAVIS and Tanarious DAVIS with Possession With the Intent to Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Carrying a Firearm in Connection With Drug Trafficking Activity and Possession of a Firearm in Furtherance of Drug Trafficking Activity, in violation of Title 18, United States Code, Section

924(c), and Tanarious DAVIS with Possession of a Firearm and Ammunition by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1).

_____
Vincent L. Holmes
Special Agent
Bureau of Alcohol, Tobacco, Firearms
and Explosives

SWORN TO AND SUBSCRIBED BEFORE
ME THIS 16th DAY OF DECEMBER 2015,
AT WEST PALM BEACH, FLORIDA.

_____
HON. JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET

Defendant's Name:   KIMBLE TAVARIS DAVIS

Case No.:   15-8652-JMH

**Count # 1**
Possession With Intent to Distribute Controlled Substances
Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C)

**Max. Penalty**: 0-20 years' imprisonment; $1million file; 3 years' to life term of supervised release; and, a $100.00 special assessment.

**Count # 2**
Possession With Intent to Distribute a Controlled Substance (Marijuana)
Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D)

**Max. Penalty**: 0-5 years' imprisonment; $250,000 fine; 2 years' to life term of supervised release: and, a $100.00 special assessment.

**Count # 3**
Possession of a Firearm in Furtherance of Drug Trafficking Activity/Carrying a Firearm in Connection With Drug Trafficking Activity
Title 18, United States Code, Sections 924(c)(1)(A)

**Max. Penalty**: 5 year mandatory minimum sentence of imprisonment consecutive to any penalty imposed upon Counts 1 and/or 2; a $250,000 fine; 0-3 years' supervised release: and, a $100.00 special assessment.   Second conviction for the offense would be punishable by a 25 year term of imprisonment consecutive to any penalty imposed upon Counts 1 and/or 2; a $250,000 fine; 0-3 years' supervised release: and, a $100.00 special assessment.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PENALTY SHEET

Defendant's Name:  TANARIOUS KEON DAVIS

Case No.:  15-8652-JMH

**Count # 1**
Possession With Intent to Distribute Controlled Substances
Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C)

**Max. Penalty**: 0-20 years' imprisonment; $1million file; 3 years' to life term of supervised release; and, a $100.00 special assessment.

**Count # 2**
Possession With Intent to Distribute a Controlled Substance (Marijuana)
Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(D)

**Max. Penalty**: 0-5 years' imprisonment; $250,000 fine; 2 years' to life term of supervised release: and, a $100.00 special assessment.

**Count # 3**
Possession of a Firearm in Furtherance of Drug Trafficking Activity/Carrying a Firearm in Connection With Drug Trafficking Activity
Title 18, United States Code, Sections 924(c)(1)(A)

**Max. Penalty**: 5 year mandatory minimum sentence of imprisonment consecutive to any penalty imposed upon Counts 1 and/or 2; a $250,000 fine; 0-3 years' supervised release: and, a $100.00 special assessment.   Second conviction for the offense would be punishable by a 25 year term of imprisonment consecutive to any penalty imposed upon Counts 1 and/or 2; a $250,000 fine; 0-3 years' supervised release: and, a $100.00 special assessment.

**Count # 4**
Felon in Possession of Firearm and Ammunition
Title 18, United States Code, Sections 922(g)(1), 924(a)(2)

**Max. Penalty**: 0-10 years' imprisonment; $250,000 fine; 0-3 years' supervised release: and, a $100.00 special assessment.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-8652-JMH

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

KIMBLE TAVARIS DAVIS, and
TANARIOUS KEON DAVIS,

        Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the United States Attorney's Northern Region prior to October 14, 2003?  \_\_\_\_\_ Yes  __X__

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  \_\_\_\_\_ Yes  __X__ No

        Respectfully submitted,

        WILFREDO A. FERRER
        UNITED STATES ATTORNEY

BY: _____
        JOHN C. McMILLAN
        ASSISTANT UNITED STATES ATTORNEY
        Admin. No. A5500228
        500 S. Australian Ave., Suite 400
        West Palm Beach, FL 33401
        Office:  (561) 820-8711
        FAX:    (561) 820-8777
        John.mcmillan@usdoj.gov